Scott J. Sagaria (SBN 217981)
Email: SJSagaria@sagarialaw.com
Elliot W. Gale (SBN 263326)
Email: Egale@sagarialaw.com
**SAGARIA LAW, P.C.**
333 West San Carlos Street, Suite 620
San Jose, CA 95110
Telephone: (408) 279-2288
Facsimile: (408) 279-2299

Attorneys for Plaintiff
RONALD RUELOS

Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raagini Shah (SBN 268022)
Email: rshah@reedsmith.com
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| RONALDO RUELOS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION an FDIC insured corporation, and DOES 1 through 100 inclusive,<br><br>                    Defendants. | Case No. 5:13-cv-00920-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:     July 26, 2013<br>Time:          10:00 a.m.<br>Place:         Courtroom 4<br><br>Honorable Edward J. Davila |

Plaintiff Ronaldo Ruelos ("Plaintiff") and Defendant Bank of America, N.A. (collectively, the "Parties") jointly submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011, and Civil Local Rule 16-9.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-112248902.1-RRSHAH 07/18/2013 1:31 PM
JOINT CASE MANAGEMENT STATEMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I.    JURISDICTION & SERVICE

Jurisdiction in this Court is based on the existence of a federal question, pursuant to 28 U.S.C. § 1331, specifically the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

Defendant has been served a copy of the complaint and summons.

## II.    FACTS

**Plaintiff's Contention of Disputed Facts:**

Plaintiff alleges that he filed a voluntary joint Chapter 7 bankruptcy petition on September 30, 2011 and received a discharge on March 14, 2012. Plaintiff, thereafter, received credit reports from the credit reporting agencies ("CRA's") Experian, Equifax, and Transunion which indicate Defendant failed to report the account status as "discharged in bankruptcy." Plaintiff submitted disputes to Experian, Equifax, and Transunion disputing the accuracy of the "charge off" notation. Plaintiff alleges the CRA's each generated automated consumer dispute verifications ("ACDV's") and submitted it to Defendant. Plaintiff alleges that failed to reasonably investigate his dispute and continued reporting the inaccurate "charge off" notation.

**Defendant's Contention of Disputed Facts:**

Defendant contends that it did not report any inaccurate credit information regarding Plaintiff's accounts to the credit bureaus. Any charge-off reported on Plaintiff's account were on the account prior to the date that Plaintiff filed bankruptcy.

## III.    LEGAL ISSUES

The key legal issues are:

(1)    Whether Plaintiff has a right of action against Bank of America under the Fair Credit Reporting Act ("FCRA") for allegedly reporting inaccurate information to credit reporting agencies and failing to correct the allegedly inaccurate information after receiving notice of a dispute from a credit reporting agency;

(2)    Whether Plaintiff can assert a California Consumer Credit Reporting Agencies Act ("CCRAA") claim against a furnisher of credit information;

1        (3)     Whether Plaintiff's claims under the California Business &

2  Professions Code § 17200 ("UCL") are preempted by the FCRA;

3        (4)     Whether Defendant conducted a reasonable investigation in

4  response to a dispute notice from the credit reporting agencies in compliance with the

5  FCRA;

6        (5)     Whether it is inaccurate under the FCRA or the CCCRAA to report

7  that an account was charged off after the date on which the an account is discharged in

8  bankruptcy.

9        (6)     Whether Defendant failed to modify, delete, or block credit

10  reporting information that was allegedly inaccurate;

11        (7)     Whether Defendant furnished credit reporting information about

12  Plaintiff to the credit reporting agencies that they knew or should have known was

13  incomplete or inaccurate in violation of the CCRAA; and

14        (8)     Whether Defendant engaged in any conduct which was unlawful,

15  unfair, or fraudulent under the UCL.

16  **IV.**   **MOTIONS**

17     **Plaintiff:**

18     Plaintiff anticipates filing a Motion for Summary Judgment, or in the

19  alternative, Summary Adjudication.

20     **Defendant:**

21     Defendant anticipates filing a Motion for Summary Judgment, or in the

22  alternative, Summary Adjudication.

23  **V.**   **AMENDMENT OF THE PLEADINGS**

24     **Plaintiff:**

25     Plaintiff does not anticipate filing any amended pleadings at this time.

26     **Defendant:**

27     Defendant does not anticipate filing any amended pleadings at this time.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## VI.    EVIDENCE PRESERVATION

The Parties do not anticipate issues with regard to the production or discovery of electronically stored information and agree to discuss issues related to disclosure of electronically stored information, specifically the size and scope of such discovery.

## VII.    DISCLOSURES

The parties will exchange initial disclosures as required by FRCP 26(a).

## VIII.    DISCOVERY

**A.    FRCP 26(f)(3)(A) - Initial Disclosures:**

The parties will exchange initial disclosures as required by FRCP 26(a).

**B.    FRCP 26(f)(3)(B) – Discovery Schedule:**

1.    Subjects of Discovery: Defendant will propound written discovery regarding Plaintiff's correspondence with Defendant, disputes filed with the credit reporting agencies, and Plaintiff's alleged damages. Defendant will also seek to take Plaintiff's deposition.

2.    Discovery Dates:  The Parties propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut-Off: | December 30, 2013 |
| Initial Expert Disclosure & Report: | January 27, 2014 |
| Rebuttal Expert Disclosure & Report: | February 10, 2014 |
| Expert Discovery Cut-Off: | March 10, 2014 |

3.    Discovery in Phases/Limited to Particular Issues:  The Parties believe that discovery should take place on issues relevant to liability and damages, and should not be conducted in phases or limited to or focused upon particular issues.

**C.    FRCP 26(f)(3)(C) – Electronically-Stored Information:**

The Parties do not anticipate issues with regard to the production or discovery of electronically stored information and agree to discuss issues related to disclosure of electronically stored information, specifically the size and scope of such discovery.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**D.     FRCP 26(f)(3)(D) –Claims of Privilege or Protection:**

The Parties do not anticipate issues with regards to privilege.

**E.     FRCP 26(f)(3)(E) – Limitation on Discovery:**

The Parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**F.     FRCP 26(f)(3)(F) – Necessary Court Orders:**

Defendant anticipates that a protective order will be necessary in this action. Defendant will prepare a stipulated protective order for the Court's approval.

**IX.    RELATED CASES**

The parties do not know of any related cases.

**X.     RELIEF**

**Plaintiff:**

Plaintiff seeks actual, statutory, and compensatory damages, as well as declaratory relief.

**Defendant:**

Defendant does not at this time seek damages or other equitable remedies from Plaintiff, but may pursue such remedies in the future if discovery reveals that they may be appropriate.

**XI.    SETTLEMENT & ALTERNATIVE DISPUTE RESOLUTION**

The parties are currently in the process of attempting to reach an informal resolution of all outstanding issues. This case has not been referred to any of the alternative dispute resolution programs available within this district.  Defendant does not believe that any alternative dispute resolution would be fruitful until the parties have had the chance to engage in further written discovery.

**XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant does not consent to a magistrate judge for all purposes of this action.

**XIII.  NARROWING OF ISSUES**

At present, the Parties are unable to narrow any issues in this matter; however,

JOINT CASE MANAGEMENT STATEMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

all Parties agree that as litigation proceeds, each will work together to effectively narrow any facts or issues prior to trial in this matter.

## XIV.  **EXPEDITED TRIAL PROCEDURE**

Not applicable.

## XV.  **TRIAL**

Plaintiff demands a trial by jury.  The Parties estimate a 3-4 day trial.  The parties request that trial be set no earlier than April 2014.

## XVI.  **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant believes that the following entities may have a financial interest in the outcome of this matter: Bank of America N.A. and FIA Card Services N.A. (a wholly-owned subsidiary of Bank of America Corporation.

Dated: July 18, 2013                          SAGARIA LAW, P.C.


By   */s/ Elliot Gale*[1]
      Elliot Gale
      Attorneys for Plaintiff
      Ronald Ruelos

Dated: July 18, 2013                          REED SMITH LLP


By   */s/ Raagini Shah*
      Raagini Shah
      Attorneys for Defendant
      Bank of America, N.A.

[1] Plaintiff's counsel concurs in the filing of this document and authorizes the use of his esignature.

JOINT CASE MANAGEMENT STATEMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware